Gilmore, J.
Counsel engaged in this case, the court •consenting, have agreed that this application maybe heard .and determined on the full statement of facts as they appear in the bill of exceptions filed in the preceding case •of Sheldon v. McKnight just decided. Ante, 316.
It appears from the petition on which this application is made, and also by the bill of exceptions referred to, that -the petitioner is now detained by the order of Judge Bingham.
The points made and decided can be so stated as to be understood without setting out here all the documentary •evidence introduced on the hearing before Judge Bingham; and (here is no question, but that the oral testimony there introduced as to the identity of the fugitive, was sufficient on that point to warrant the order, and hence the testimony is not here set out.
The petitioner says that he is unlawfully restrained of *323 his liberty, because Judge Bingham “ had no jurisdiction to make the order under which he is detained, for the following reasons, to wit:
“1. That said governor of Ohio had no jurisdiction to issue said warrant upon which he was arrested.
“2. It was not shown to the said judge that your petitioner was charged with treason, felony, or other crime within the said State of Missouri. .
“ 3. That it was not shown to the said judge that your ■petitioner had fled from justice from the said State of Missouri.”
First. The ground upon which the first reason is based, Is that the copy of the indictment upon which the requisition is founded, and which accompanies the same, is not ■duly certified as authentic, by the governor of Missouri.
Section 5278 of the extradition law of the United States ■(Revised Statutes U. S. 1027), so far as it is necessary to set it out for the purposes of this case, reads as follows: Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the ■executive authority of any state or territory to which such person has fled, and produces a copy of an indictment, found, or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as ■authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it «hall be the duty of the executive-authority of the state or territory to which such person has fled to cause him to be arrested and secured,” etc.
Our statute requires the copy of the indictment found, •or affidavit made, to be “ duly certified as authentic” (72 Ohio L. 79) by the demanding executive. On this point the two laws are in effect the same, and if they were not, the law of this state would have to give way.
In passing upon the sufficiency of the authentication in the requisition, we are not to be governed by the rules of construction applicable to special pleading, but by the rules *324 applicable to the construction of statutes, by which the intention of the law-maker is to be arrived at. As between the states of the Union, the whole subject of extradition isr governed and regulated by positive law. The law of congress, above cited, was passed in conformity to the provisions of the federal constitution upon the subject (art. 4, § 2); and we must suppose that the object of the law was to furnish the means by which the constitutional provision could be fairly and impartially carried into effect between the states.
Confining the inquiry to the point before us, it is plain that it is a “copy of the'indictment found, charging the person demanded with having committed treason, felony, or other crime,” that is required to be certified as authentic by the statute. Why this requirement? Because, otherwise, the executive of the state, upon whom the demand is made, might be imposed upon by what purported to be a true copy of such an indictment, but which, in fact, might be a spurious copy. But, as has been said, the genuineness of the copy is not to be ascertained by a resort to any technical rule for ascertaining the fact, nor need the fact be made to appear in any set form of words, or even in the words of the statute requiring the authentication. All that can be required is, that the language employed by the demanding governor, in the requisition, understood in its ordinary meaning, shows that the copy of the indictment upon which the requisition is made is genuine.
In this case there is annexed to the requisition, "with other papers, a copy of an indictment against Stephen Sheldon, purporting to have been found by a grand jury in the Criminal Court of Jackson county, Missouri, which also purports to be authenticated by the attestation of the clerk of that court under the seal thereof.
In making the requisition, it was the duty of the demanding governor to satisfy the governor on whom the demand was made that this copy was not spurious, in other words, to certify that it was authentic.
*325 If he had personal knowledge of the fact, he could, I suppose, have certified to its authenticity from this knowledge. But he is not supposed to have had such knowledge, •and in its absence, he had to rely for information as to the genuineness of the copy, upon evidence usually received by the executive in such cases, i. e. the clerk’s certificate, •as in this case, of the genuineness of which it is presumed he has the means of knowing, and has knowledge. When such a document comes to his hand, and he is required to act, it is for him to determine whether it is duly authenticated in accordance with the requirement of the laws of his state, and if he is satisfied that it is, then he may make such authentication the basis of information upon which he may, by certifying that the copy of the indictment is ■authenticated according to law, comply with the law which requires the copy to be certified as authentic.
The language of the requisition on this point is as follows : “ Whereas, it appears by the annexed papers, duly authenticated according to law, that Stephen Sheldon stands charged,” etc.
This language, fairly interpreted, is a compliance with the act of congress, which requires the copy to be certified as authentic. It negatives the idea that the copy annexed is spurious or fictitious, and shows that it is genuine.
A copy of the requisition, with the papers annexed thereto, including a copy of the indictment, all duly certified to be correct by the executive of this state, are made •exhibits, and accompany the extradition warrant.
Second. It is contended by counsel that the copy of the indictment is inadmissible as evidence, because “ it does not charge a crime, but, on the contrary, it is void for repugnancy.”
If it is true that the indictment does not charge a crime, then it was not sufficient to give jurisdiction to issue the warrant; and the judge or court, on habeas corpus, could look back of the warrant to the copy of the indictment upon which it was founded, for the purpose of ascertaining whether the executive bad jurisdiction to issue it, and if it *326 appeared that no crime was charged in the indictment, the fugitive would be entitled to his discharge. But it is to-matters of substance, and not to matters oí form, that the-court will look under such circumstances. If a crime is dearly charged, it will be sufficient, notwithstanding the-conclusion of the indictment may seemingly be inconsistent with the charge.
The indictment in this case, which contains but a single-count, after clearly and concisely charging the defendant' (relator) with acts which usually constitute the crime of embezzlement, by way of conclusion, avers that “ so” the-defendant, “ did steal, take, and carry away,” etc.
This form of indictment may be good under the statutes-of Missouri; but be this as it may, it charges the crime of embezzlement, and the sufficiency of the form, in which the-charge is made must be left for the determination of the-courts of that state.
Third,. The ground of this objection is: “ That there was-neither a certificate of the governor of Missouri, affidavit, or other evidence before the governor of Ohio, that embezzlement or the wrongful conversion to his own use of money intrusted to his care as agent, is a crime by the laws of Missouri.”
It is true that it is not made to appear, by any of the-means suggested, that embezzlement is a crime by the laws-of Missouri, and in somp of the states it is held, in proceedings of this kind, that the courts will not take judicial notice of the laws of the demanding state.
But our statute provides that “ printed copies in volumes-of statutes . . . enacted by any other state, . . .. purporting or proved to have been published by the authority thereof, . . . shall be admitted by the courts- and officers of this state, on all occasions as presumptive evidence of such laws.” 75 Ohio L. 654, § 5.
Hence, when it appears, as in this case, that the fugitive stauds charged in the demanding state with embezzlement,, the printed statutes of that state purporting to be published by its authoi’ity, may have been received by the governor, *327 and may be received by the courts to show that embezzlement is a crime by the laws of that state.
On examination of such copies of the statutes of the State of Missouri, we find that embezzlement is made a crime by those statutes, and the governor, before issuing the warrant, had access to that source of information. The fugitive is not, therefore, entitled to a discharge .on this ground.
Fourth. It is next contended that “there was no evidence before the governor of Ohio, or the judge who heard the case in the court below, even tending to show that Sheldon fled from Missouri to avoid prosecution for the oflense, or was a fugitive from justice.”
One of the papers annexed to the requisition, is the affidavit of the prosecuting attorney of Jackson county, Missouri, which is authenticated by the attestation of the clerk of the court in which the indictment is found, and also by that of the secretary of the State of Missouri; in which, after stating the finding of the indictment for embezzlement against Sheldon, affiant, says: “ That said Sheldon is a fugitive from justice from the said State of Missouri, and he has reason to believe, and does believe that the said Sheldon is now in the city of Columbus in the State of Ohio.”
While this does not in terms state that Sheldon had fled to avoid prosecution, it does state as a conclusion that he is a fugitive from justice; and it was for the executive to put a construction upon this language before issuing the extradition warrant; and under these circumstances the fugitive will not be discharged on the ground that there was no evidence before the executive issuing the warrant, showing that the fugitive had fled from the demanding state to avoid prosecution.

Motion overruled.